UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL ALFONSO SIRA-HURTADO,<br><br>Petitioner,<br>v.<br><br>CAMMILLA WAMSLEY et al.,<br><br>Respondents. | CASE NO. 2:25-cv-02173<br><br>ORDER GRANTING IN PART AND DEFERRING IN PART EX PARTE MOTION TO ISSUE ORDER TO SHOW CAUSE AND ISSUE EXPEDITED BRIEFING SCHEDULE |

This matter comes before the Court on Petitioner Miguel Sira-Hurtado's petition for writ of habeas corpus seeking release from confinement, Dkt. No. 1, and his ex parte motion seeking an order setting an expedited briefing schedule on his habeas petition and preventing his transfer to a detention facility outside this district while these proceedings are pending. Dkt. No. 2.

The motion asserts that Mr. Sira-Hurtado received a notice in the mail ordering him to appear for a Master hearing, and when he arrived at the Immigration Courthouse in Seattle on June 3, 2025 for that hearing, the Department of Homeland Security ("DHS") moved to dismiss his case. *Id.* at 2. Mr. Sira-Hurtado noted his objection to the Government's motion to dismiss and asked for more time to obtain an attorney. *Id.* Although DHS did not "make any motion or

1  argument regarding Mr. Sira-Hurtado's custody status," "masked DHS agents physically
2  restrained and arrested him after the hearing concluded in the hallways of the courtroom." *Id.* Mr.
3  Sira-Hurtado has been detained at the Northwest ICE Processing Center ("NWPIC") in Tacoma,
4  Washington since his arrest. *Id.*

5  Mr. Sira-Hurtado avers that DHS subsequently identified him as a member of the class in
6  *Franco-Gonzalez v. Holder*, CV-10-02211 DMG DTBX, 2014 WL 5475097 (C.D. Cal. Oct. 29,
7  2014) "after discovering that Mr. Sira-Hurtado suffers from memory issues due to a traumatic
8  brain injury." *Id.* at 2–3. On June 20th, DHS moved to reopen his immigration case. *Id.* at 3. He
9  argues that he should not be detained because "individuals released on parole or other forms of
10 conditional release have a 'continued liberty' interest." *Id.* (citing *Morrissey v. Brewer*, 408 U.S.
11 471, 482 (1972)). He contends that because he "was provided no process before his re-arrest and
12 detention, . . . his immediate release is warranted." *Id.*

13 Mr. Sira-Hurtado has not yet served this ex parte motion on Respondents.[1] Respondents
14 have not entered an appearance or responded to this motion.

15 The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status
16 quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue
17 injunctive relief to prevent irreparable harm to the applicants and to preserve [their] jurisdiction
18 over the matter."). That power includes the power to direct the Government not to remove a habeas
19 petitioner from the district without further order. *See, e.g.*, *Lahamendu v. Bondi*, No. 2:25-cv-
20 02155-DGE, Dkt. No. 3 (W.D. Wash. Oct. 31, 2025).

21 Accordingly, the Court orders as follows:

---

[1] He electronically filed his habeas petition using the CM/ECF system, and avers that the system automatically sends notice to the U.S. Attorney's Office at: usawaw.habeas@usdoj.gov. Dkt. No. 1-4 at 1.

ORDER GRANTING IN PART AND DEFERRING IN PART EX PARTE MOTION TO ISSUE ORDER TO SHOW CAUSE AND ISSUE EXPEDITED BRIEFING SCHEDULE - 2

1. To allow Mr. Sira-Hurtado time to move for emergency relief in the event he is to be transferred or removed before the Court reviews his petition, the Court ORDERS that Respondents must provide Mr. Sira-Hurtado and his counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to move or transfer him from the Northwest Immigration and Customs Enforcement Processing Center or to remove him from the United States.

2. Mr. Sira-Hurtado's counsel SHALL immediately serve the motion and a copy of this Order on Respondents. Mr. Sira-Hurtado's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the petition for habeas corpus, and (2) whether the Government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Mr. Sira-Hurtado to another facility during the pendency of this action.

3. The Court DEFERS the request for an expedited briefing schedule. The Clerk is directed to randomly assign this case, and the assigned judge will address that request.

Dated this 2nd day of November, 2025.

_Lauren King_
Lauren King
United States District Judge